**Order filed October 10, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00228-CV

_____

## IN THE INTEREST OF J.A.W. AND E.M.W., CHILDREN

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-3148-PC**

### O R D E R

In this accelerated parental-termination appeal, the father's attorney ad litem, Mike Holmes, filed a notice of appeal on the father's behalf. The father's appellate brief has not yet been filed and is currently due. Holmes, however, has filed in this court a motion to withdraw as counsel for the father because Ector County refuses to pay Holmes for any of the services he has performed as the father's attorney ad litem. The district clerk informed Holmes that he was "not court appointed" in this case. Holmes indicates in his motion that he has not been able to obtain "any clear

direction" from the trial court as to whether he is "in fact appointed or not." We abate the appeal.

The record in this case shows that, in August 2012, the trial court determined that the father was "not indigent" and that he was to pay $100 per month into the registry of the court to reimburse Ector County for the fees of the father's court-appointed attorney ad litem. The trial court subsequently entered an order on November 2, 2012, appointing Holmes as the attorney ad litem for the father; in this order, the trial court expressly found the father "to be indigent."[1] The July 2013 order of termination reflects that the father was represented by "Attorney Ad Litem MIKE HOLMES."

Pursuant to TEX. R. APP. P. 20.1(a)(3), "a parent determined by the trial court to be indigent is presumed to remain indigent for the duration of the suit." Moreover, the appointment of an attorney ad litem to represent an indigent parent is mandatory in a suit filed by a governmental entity seeking termination of the parent-child relationship. TEX. FAM. CODE ANN. § 107.013 (West Supp. 2012). An attorney so appointed "shall be paid from the general funds of the county." *Id.* § 107.015(c) (West 2008).

We abate this appeal so that the trial court may determine:

>  (1) Whether the father desires to prosecute this appeal;

>  (2) Whether Mike Holmes is the court-appointed attorney ad litem for the father and, if so, whether Holmes desires to withdraw; and

>  (3) Whether other counsel should be appointed as the father's attorney ad litem.

The trial court is directed to make appropriate findings and recommendations and to appoint new appellate counsel if appropriate. The trial court clerk is directed to

---

[1]This order, which was file-stamped by the district clerk on November 5, 2012, was attached to a docketing statement filed in this court and to Holmes's motion to withdraw, but it was not included in the clerk's record.

prepare and forward to this court a supplemental clerk's record containing the findings, recommendations, and any orders of the trial court. If a hearing is held, the court reporter is directed to prepare and forward to this court the reporter's record from the hearing. These records are due to be filed in this court on or before October 28, 2013.[2] The father's appellate brief will be due to be filed in this court on or before November 18, 2013.

The appeal is abated.

PER CURIAM

October 10, 2013

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

---

[2]We note that this appeal is accelerated and that, so far as reasonably possible, this court must ensure that the appeal is brought to final disposition within 180 days of the date the notice of appeal was filed. *See* TEX. R. APP. P. 28.4; TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. F app. (West 2013).